# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYLER TRUONG,<br>Individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**MAGNOLIA FLEET LLC,**<br><br>**Defendant.** | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Tyler Truong ("Truong"), brings this action individually and on behalf of all current and former Shore Tankermen (collectively, "Plaintiff and the Putative Collective Members"), and who worked for Defendant, Magnolia Fleet LLC ("Magnolia"), anywhere in the United States, at any time from January 10, 2020, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201–19.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA.

2. Plaintiff and the Putative Collective Members are those similarly situated persons who worked for Magnolia at any time from January 10, 2020, through the final disposition of this matter, and have not been paid any overtime in violation of federal law.

3. Although Plaintiff and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective

Members were not paid overtime of at least one and one-half their regular rates for hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period, Magnolia knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek on a routine and regular basis.

5. Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

6. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

8. Plaintiff Tyler Truong was employed by Magnolia in Louisiana during the relevant time period. Plaintiff Truong did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

9. The Putative Collective Members are those current and former shore tankermen who were employed by Magnolia at any time from January 10, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Truong worked and was paid.

---

[1] The written consent of Tyler Truong is attached hereto as Exhibit "A."

10. Defendant Magnolia Fleet LLC is a domestic limited liability company, licensed to and doing business in the State of Louisiana, and may be served through its registered agent for service of process: **Matthew J. Fantaci, 1100 Poydras Street, Suite 3100, New Orleans, Louisiana 70163.**

## III.
## JURISDICTION & VENUE

11. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

12. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

13. This Court has general and specific personal jurisdiction over Magnolia because this is Magnolia's home state and because Magnolia employed Plaintiff in this state.

14. Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District of Louisiana because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15. Specifically, Magnolia's corporate headquarters are located in New Orleans, Louisiana and Plaintiff Truong worked for Magnolia in New Orleans, Louisiana, all of which is located within this District and Division.

## IV.
## BACKGROUND FACTS

16. Defendant Magnolia provides barge fleeting, marine transportation for oil companies, and refueling services.[2]

17. To provide its services, Magnolia employed (and continues to employ) numerous Shore Tankermen—including Plaintiff and the individuals that make up the putative collective.

---

[2] https://www.magnoliafleet.com/about-us/.

18. As Shore Tankermen, Plaintiff and the Putative Collective Members' job duties include driving a fuel truck to a pickup location, loading the fuel truck onto the transport ship, being transported by ship to a customer's ship, and refueling the customer's ship.

19. Plaintiff and the Putative Collective Members typically worked in excess of fifty (50) hours each workweek.

20. Plaintiff and the Putative Collective Members were generally scheduled by Magnolia to work five (5) to seven (7) days per week for ten (10) to twelve (12) hours per day.

21. As part of their services, Magnolia employed (and continues to employ) numerous Shore Tankermen to perform the refueling services they provide to their customers.

22. Magnolia paid its Shore Tankermen a day rate but no overtime—including Plaintiff and the individuals that make up the putative collective.

23. Magnolia did not pay its Shore Tankermen for days in which they did not work.

24. Magnolia also did not provide a guaranteed minimum salary to its Shore Tankermen.

25. Plaintiff worked for Magnolia as a Shore Tankerman in Louisiana from approximately June 2022 to December 2022.

26. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work throughout the United States.

27. Importantly, none of the FLSA exemptions relieving a covered employer (such as Magnolia) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

28. Plaintiff and the Putative Collective Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

29. Plaintiff and the Putative Collective Members did not have the authority or discretion to vary or change their proscribed job duties and/or routes.

30. Plaintiff and the Putative Collective Members did not have the authority to bind or represent the company financially.

31. Plaintiff and the Putative Collective Members did not (and currently do not) have the authority to hire or fire other employees.

32. Plaintiff and the Putative Collective Members were not (and currently are not) responsible for making decisions regarding salary, pay, or other administrative matters.

33. Plaintiff and the Putative Collective Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Magnolia and/or its customers.

34. Rather, Plaintiff and the Putative Collective Members were blue-collar workers.

35. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Magnolia resulting in the complained of FLSA violations.

36. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, in that as Shore Tankermen their primary job duties included refueling ships that belonged to Magnolia's customers.

37. Plaintiff and the Putative Collective Members are similarly situated with respect to their pay structure in that they are all paid on a day rate basis and are all denied overtime compensation for hours worked in excess of forty (40) hours in a workweek.

38. Plaintiff and the Putative Collective Members are similarly situated with respect to the policies (and practices) of Magnolia resulting in the complained of FLSA violations.

39. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

40. Magnolia denied Plaintiff and the Putative Collective Members overtime pay as a result of a widely applicable, illegal pay practice.

41. Plaintiff and the Putative Collective Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

42. Magnolia applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Collective Members were entitled to overtime pay.

43. Magnolia has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

44. Magnolia's failure to compensate Plaintiff and the Putative Collective Members for their overtime hours violated (and continues to violate) the FLSA.

45. Magnolia knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective Members for the proper amount of overtime compensation in violation of the FLSA.

46. Magnolia knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective Members.

47. Because Magnolia did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, Magnolia's pay policies and practices willfully violated (and continue to violate) the FLSA.

48. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

49. The preceding paragraphs are incorporated as though fully set forth herein.

50. The "Putative Collective" is defined as:

**ALL SHORE TANKERMEN WHO WORKED FOR MAGNOLIA FLEET LLC, AT ANY TIME FROM JANUARY 10, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Putative Collective" or "Putative Collective Members").**

51. At all material times, Magnolia has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

52. At all material times, Magnolia has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

53. At all material times, Magnolia has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of selling fuel and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

54. Specifically, Magnolia operates numerous yards throughout Louisiana, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the internet.

55. During the respective periods of Plaintiff and the Putative Collective Members' employment by Magnolia, these individuals provided services for Magnolia that involved interstate commerce for purposes of the FLSA.

56. In performing work for Magnolia, Plaintiff and the Putative Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

57. Specifically, Plaintiff and the Putative Collective Members are (or were) day rate employees who assisted Magnolia's customers and employees throughout the United States. 29 U.S.C. § 203(j).

58. At all material times, Plaintiff and the Putative Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

59. The proposed collective of similarly situated employees sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 50.

60. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Magnolia.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

61. Magnolia violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of a well sites, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

62. Moreover, Magnolia knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

63. Magnolia knew or should have known its pay practices were in violation of the FLSA.

64. Magnolia is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

65. Plaintiff and the Putative Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Magnolia to pay them according to the law.

66. The decision and practice by Magnolia to not pay Plaintiff and the Putative Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

67. Accordingly, Plaintiff and the Putative Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C.  **COLLECTIVE ACTION ALLEGATIONS**

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Magnolia's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

70. Other similarly situated employees of Magnolia have been victimized by Magnolia's patterns, practices, and policies, which are in willful violation of the FLSA.

71. The Putative Collective Members are defined in Paragraph 50.

72. Magnolia's failure to pay Plaintiff and the Putative Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Magnolia's, and does not depend on the personal circumstances of Plaintiff or the Putative Collective Members.

73. Thus, Plaintiff's experiences are typical of the experiences of the Putative Collective Members.

74. The specific job titles or precise job requirements of the various Putative Collective Members does not prevent collective treatment.

75. All of the Putative Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

76. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

77. Absent a collective action, many members of the proposed Putative Collective will not likely obtain redress of their injuries and Magnolia will retain the proceeds of their violations.

78. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

79. Accordingly, notice of the action should be promptly sent to the Putative Collective of similarly situated plaintiffs as in Paragraph 50.

## VI.
## RELIEF SOUGHT

80. Plaintiff Truong respectfully prays for judgment against Magnolia as follows:

    a. For an Order certifying the Putative Collective as defined in ¶ 50;

  b. For an Order approving the form and content of a notice to be sent to the Putative Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  c. For an Order pursuant to § 16(b) of the FLSA finding Magnolia liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those Putative Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those Putative Collective Members who have joined in the suit);

  d. For an Order awarding the costs of this action;

  e. For an Order awarding attorneys' fees;

  f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  g. For an Order awarding Plaintiff Truong a service award as permitted by law;

  h. For an Order compelling the accounting of the books and records of Magnolia, at Magnolia's expense, should discovery prove inadequate; and

  i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 10, 2023      Respectfully submitted,

             **BOHRER BRADY, LLC**

          By: /s/ *Scott E. Brady*
            Scott E. Brady (#24976)
            scott@bohrerbrady.com
            Philip Bohrer (#14089)
            phil@bohrerbrady.com
            8712 Jefferson Highway, Suite B
            Baton Rouge, Louisiana 70809
            Telephone: (225) 925-5297
            Facsimile: (225) 231-7000

                                **ANDERSON ALEXANDER, PLLC**

                                **Clif Alexander** (*pro hac vice forthcoming*)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (*pro hac vice forthcoming*)
Texas Bar No. 24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys for Plaintiff and the Putative Collective Members*